STATE OF VERMONT

ENVIRONMENTAL COURT

|  |  |  |
|---|---|---|
| In re: Entergy Nuclear/Vermont Yankee | } | Docket No. 89-4-06 Vtec |
|   Thermal Discharge permit amendment | } | |
|     (Appeal of Connecticut River Watershed Council, | } | |
|         Trout Unlimited (Deerfield/Millers 349 Ch.), | } | |
|         and Citizens Awareness Network) | } | |
|     (Appeal of New England Coalition | } | |
|         on Nuclear Pollution) | } | |
|     (Cross-Appeal of Entergy Nuclear | } | |
|         Vermont Yankee, LLC) | } | |

Decision and Order on Post-Judgment Motions

Appellants Connecticut River Watershed Council, Trout Unlimited (Deerfield/Millers 349 Chapter), Citizens Awareness Network (Massachusetts Chapter), and New England Coalition on Nuclear Pollution, and Cross-Appellant Entergy Nuclear Vermont Yankee, LLC, had appealed from a decision of the Vermont Agency of Natural Resources approving an amendment of the summer season thermal discharge conditions in the most-recently-expired direct discharge (NPDES) permit issued to Entergy Nuclear Vermont Yankee, LLC.

Appellants Connecticut River Watershed Council (CRWC), Trout Unlimited, and Citizens Awareness Network (CAN) (collectively: the CRWC Appellants) are represented by Patrick A. Parenteau, Esq., and David K. Mears, Esq.; Appellant New England Coalition on Nuclear Pollution (NECNP) is represented by Phoebe Mills, Esq.; Cross-Appellant-Applicant is represented by Elise N. Zoli, Esq., Sarah Heaton Concannon, Esq., U. Gwyn Williams, Esq., Matthew S. Borick, Esq., Robert A. Miller, Jr., Esq, R. Bradford Fawley, Esq., Zachary R. Gates, Esq., Haimavathi Marlier, Esq., and Kevin C. Hartzell, Esq.; and the Vermont Agency of Natural Resources (ANR) is

1

represented by Catherine Gjessing, Esq. and Warren T. Coleman, Esq. In addition, the Water Resources Panel of the Natural Resources Board entered an appearance, represented by John H. Hasen, Esq., but did not participate in the merits of this appeal.

Procedural status

The appeal before this Court involves a permit amendment which was issued by the ANR at the end of the permit's term in late March of 2006. Because Entergy had filed an application for renewal of the expiring permit at least 180 days before its expiration, Entergy remains entitled to operate under the terms of the expired permit while ANR processes the renewal application, until the issuance of the renewal permit. See Vermont Water Pollution Control Permit Regulations § 13.5(b)(1); 3 V.S.A. § 814(b); see also this Court's May 22, 2008 Decision and Order, as modified by the June 30, 2008 Decision and Order, for a detailed explanation of the permitting scheme which governs the application at issue in this appeal. The renewal application was submitted to ANR in September of 2005, and has been in process since that time. The renewal permit had not yet issued as of this Court's decision on the merits of the present appeal; as of a telephone conference held in August 2008, the parties did not anticipate the renewal permit to issue before February 2009. The renewal permit will supersede the permit amendment that is the subject of the present appeal.

The CRWC Appellants filed a Notice of Appeal of this Court's decision on the merits of the permit amendment on July 22, 2008. They have also moved, pursuant to V.R.C.P. 60(b), for relief from this Court's May 2008 Order, as revised by this Court's June 30, 2008 Decision and Order. Cross-Appellant-Applicant Entergy has moved, pursuant to V.R.A.P. 4(b), that the CRWC Appellants' Notice of Appeal shall have no legal effect prior to this Court's disposition of the CRWC Appellants' Rule 60(b) motion.

2

<u>Entergy's V.R.A.P. 4(b) Motion</u>

The parties have all agreed to Entergy's V.R.A.P. 4(b) motion, which asks the Court to determine that the CRWC Appellants' Notice of Appeal shall have no legal effect prior to resolution of the CRWC Appellants' motion for relief pursuant to V.R.C.P. 60(b). V.R.A.P. 4(b) states that "[a] notice of appeal filed before the making or disposition of [a V.R.C.P. 60(b) motion] shall have no effect when filed. It shall be effective when the motion is decided unless thereafter withdrawn."

As the Court stated in its Entry Order dated June 20, 2008, V.R.A.P. 4 is applicable to this appeal. See V.R.E.C.P. 5(a)(2), (k)(1). It is not necessary, strictly speaking, for parties to file motions pursuant to V.R.A.P. 4(b), as that rule is effective by its own terms. That is, under V.R.A.P. 4(b), the CRWC Appellants' Notice of Appeal takes effect as of the date of today's decision on the V.R.C.P. 60(b) motion; accordingly, Entergy's V.R.A.P. 4(b) Motion was not necessary and has now become MOOT.

<u>The CRWC Appellants' V.R.C.P. 60(b) Motion</u>

The CRWC Appellants made three requests in their V.R.C.P. 60(b) Motion: (1) that the Court direct the ANR to submit the May 2008 Decision, as revised by the June 2008 Decision, as well as the permit amendment, to the U.S. Environmental Protection Agency (EPA)[1] for its review; (2) that the Court direct the ANR to provide for public participation and comment on the permit amendment as further revised by the Court's decision; and (3) that the Court stay the effect of the May 2008 and June 2008 Decisions until the requested actions have been completed by the ANR.

In this as in any <u>de novo</u> proceeding the Court has authority to impose permit conditions within the scope of the permit being appealed. <u>E.g.,</u> <u>In re Route 103 Quarry</u>, 2008 VT 88 (affirming Environmental Court's imposition of Act 250 permit conditions);

---

[1] The ANR's Response to the CRWC Appellants' Motion indicates that it has in fact submitted the decisions to the EPA.

<u>In re Kinney Drug & Pomerleau Real Estate Application</u>, No. 2007-230 (Vt. Feb. 2008) (affirming Environmental Court's imposition of zoning permit conditions); see 10 V.S.A. § 8504(h); V.R.E.C.P. 5(g).

The Environmental Court's authority to impose conditions in the permit that was the subject of this appeal, however, does not extend to the type of post-appeal supervision of the Agency of Natural Resources requested by the CRWC Appellants. Any further actions that the CRWC Appellants argue must be taken by the ANR regarding the amended permit are not before the Court in the present appeal. Rather, it is for the ANR to determine what action to take, after the issuance of the permit amendment, just as it would have done in the absence of the appeal, and not for the Court to make an impermissible and prospective advisory ruling. See, <u>e.g.</u>, <u>In re S.N.</u>, 2007 VT 47, ¶ 9, 181 Vt. 641; <u>Sweezey v. Neel</u>, 2006 VT 38, ¶ 28, 179 Vt. 507; <u>In re Eastview at Middlebury, Inc.</u>, No. 256-11-06 Vtec, slip op. at 7 (Vt. Envtl. Ct. Mar. 27, 2008) (Durkin, J.). The CRWC's V.R.C.P. 60(b) motion is therefore DENIED.

The CRWC Appellants' request for a stay from this Court must also therefore be DENIED. The CRWC Appellants' Notice of Appeal has taken effect as of the issuance of this decision denying the post-judgment motions.

Accordingly, based on the foregoing, it is hereby ORDERED and ADJUDGED that the CRWC Appellants' V.R.C.P. 60(b) Motion and Motion for Stay are DENIED, again concluding this matter in this Court.

Done at Berlin, Vermont, this 24th day of November, 2008.

_____
Merideth Wright
Environmental Judge

4